**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 2:14-CV-00218-VEB

JENNIFER LEE DULMAINE,

                  Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In January of 2011, Plaintiff Jennifer Lee Dulmaine applied for Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by Randy J. Fair, Esq., Calbom & Schwab, P.C. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On March 30, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for DIB on January 27, 2011, alleging disability beginning November 8, 2010. (T at 222).[1]   The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On July 10, 2012, a hearing was held before ALJ R.J. Payne. (T at 36). Plaintiff appeared with an attorney and testified. (T at 44-47).  The ALJ also received testimony from two medical experts, Dr. Alexander White (T at 39-42) and Dr. Margaret E. Moore. (T at 42-44, 48-59).  A supplemental hearing was held on January

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

11, 2013.  Plaintiff again appeared with her attorney and testified.  (T at 68-89).  The ALJ also received testimony from Jinnie Lawson, a vocational expert. (T at 90-97).

On February 14, 2013, the ALJ issued a written decision denying the application for DIB.  (T at 12-35).  The ALJ's decision became the Commissioner's final decision on May 1, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On June 30, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 3). The Commissioner interposed an Answer on October 6, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on January 27, 2015. (Docket No. 14).  The Commissioner moved for summary judgment on March 13, 2015. (Docket No. 16).  Plaintiff filed a reply brief on March 30, 2015. (Docket No. 17).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).              The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii),

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

416.920(a)(4)(ii).                                    If plaintiff does not

have a severe impairment or combination of impairments, the disability claim is

denied. If the impairment is severe, the evaluation proceeds to the third step, which

compares plaintiff's impairment with a number of listed impairments acknowledged

by the Commissioner to be so severe as to preclude substantial gainful activity. 20

C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If

the impairment meets or equals one of the listed impairments, plaintiff is conclusively

presumed to be disabled. If the impairment is not one conclusively presumed to be

disabling, the evaluation proceeds to the fourth step, which determines whether the

impairment prevents plaintiff from performing work which was performed in the past.

If a plaintiff is able to perform previous work he or she is deemed not disabled. 20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual

functional capacity (RFC) is considered. If plaintiff cannot perform past relevant

work, the fifth and final step in the process determines whether plaintiff is able to

perform other work in the national economy in view of plaintiff's residual functional

capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 8, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2015 (the date last insured). (T at 17).  The ALJ found that Plaintiff's morbid obesity, polycystic ovary, diabetes mellitus (type 2), headaches (mixed), asthma, pain disorder, and chronic posttraumatic stress disorder were "severe" impairments under the Act. (Tr. 17).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 18).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567 (b), with the following limitations: lifting and carrying 20 pounds occasionally and 10 pounds frequently; stand/walk/sit 6 hours in an 8-hour workday; unlimited pushing and pulling within lifting restrictions; avoid climbing ladders, ropes, scaffolds, crawling, and concentrated exposure to extreme cold/heat, fumes, odors/dusts/gases, poor ventilation; avoid moderate exposure to hazards such as machinery and heights; mild to moderate limitation with regard to maintaining attention and concentration for extended periods; moderate limitation as to working in coordination with or proximity

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

to others without being distracted by them; and moderate limitation with regard to interacting appropriately with the general public and in responding appropriately to changes in the work setting. (T at 19).

The ALJ concluded that Plaintiff could not perform her past relevant work as a social service case worker or intensive in-home support worker. (T at 29). However, considering Plaintiff's age (39 on the alleged onset date), education (at least high school), work experience, and residual functional capacity (light work, with limitations described above), the ALJ determined that, as of September 2, 2012, there were jobs that exist in significant numbers that Plaintiff could perform. (T at 29-30).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 8, 2010 (the alleged onset date) and February 14, 2013 (the date of the decision) and was therefore not entitled to DIB. (T at 31).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers four (4) main arguments.  First, she contends that the ALJ did not properly assess the medical opinion evidence.   Second, Plaintiff challenges the ALJ's credibility determination.  Third, she asserts that the ALJ improperly rejected lay

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

witness evidence.   Fourth, Plaintiff argues that the ALJ's step five analysis was flawed. This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

Plaintiff argues that the ALJ erred in weighing the medical opinions offered by a consultative examiner, treating nurse practitioner, and State Agency review consultants. This Court will summarize these opinions, as well as the opinion offered by Dr. Moore, a medical expert who testified at the first administrative hearing, and then explain its consideration of the ALJ's evaluation of those opinions.

## 1.   Dr. Zimberoff

In March of 2011, Dr. Jennifer Zimberoff, a consultative examiner, performed a psychological diagnostic evaluation. Dr. Zimberoff reported that Plaintiff "exhibited obvious evidence of psychomotor agitation in the form of extreme and constant leg and/or arm shaking, and stuttering" as she became more anxious during the exam. (T at 341). Dr. Zimberoff found "no overt signs of malingering or factitious behavior." (T at 341).

She opined that Plaintiff appeared "to be impaired by her serious anxiety and panic attacks" and reported that Plaintiff would only be able to perform employment tasks while isolated, without social interaction, in a controlled environment, "with limited impinging stress." (T at 344-45). Dr. Zimberoff assigned a Global Assessment

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

of Functioning ("GAF") score[2] of 45 (T at 345), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).

Dr. Zimberoff concluded that Plaintiff was functioning so poorly that it was unlikely that she could continue to work, even on a part-time basis, and found it "doubtful" that Plaintiff was "stable enough to complete the requirements of a working environment." (T at 346).

The ALJ gave little weight to Dr. Zimberoff's opinion, finding it based heavily on Plaintiff's subjective reports and contradicted by the overall medical record. (T at 28).

### 2.    Mr. Hanley

Plaintiff had an extended treating relationship with Wenatchee Valley Clinical Behavioral Health, where she was seen primarily by Michael Hanley, a psychiatric advanced registered nurse practitioner ("ARNP").   On December 28, 2011, Mr. Hanley prepared a letter summarizing Plaintiff's care over the prior 5 years.   He explained that Plaintiff had "made considerable progress but still struggles with

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

chronic mood issues." (T at 395). He diagnosed PTSD, obsessive compulsive disorder, major depressive disorder, ADHD, and panic with agoraphobia. (T at 395). He opined that Plaintiff was disabled by these disorders because of difficulty leaving her home and the likelihood that she would experience "[s]evere pain and anxiety" if she was forced to be away from her home, which Mr. Hanley described as Plaintiff's "security zone." (T at 395). Mr. Hanley also opined that Plaintiff's impairments met Listings § 12.06 (A), (B), and (C). (T at 396).

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.

The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927. For example, evidence from "other sources" is not sufficient to establish a medically determinable impairment. SSR 06-03p. However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related to the individual's impairment." *See* SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ gave little weight to Mr. Haley's opinion, finding it not well-supported by clinical or laboratory findings and inconsistent with his narrative reports and the overall medical record. (T at 28).

### 3.     State Agency Review Consultants

In March of 2011, Dr. Edward Beaty, a non-examining State Agency Review consultant, opined that Plaintiff was moderately limited with respect to her ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; and complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (T at 111).  Dr. Beaty assessed a marked limitation as to Plaintiff's ability to interact appropriately with the general

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

public. (T at 112).  In May of 2011, Dr. Patricia Kraft, another non-examining State Agency review consultant, made the same findings. (T at 126-27).

The ALJ did not discuss either of these assessments.


### 4.    Dr. Moore

Dr. Margaret Moore testified at the administrative hearing as a medical expert. Dr. Moore questioned the treatment provided to Plaintiff by Mr. Haley, opining that the record indicated "really not good medication management." (T at 49).  Dr. Moore noted evidence that side effects from psychotropic medications were exacerbating Plaintiff's mental health issues, including, in particular, anxiety. (T at 49).  Dr. Moore also found several of Mr. Haley's diagnoses "not well supported," including ADHD, PTSD, obsessive-compulsive disorder, and major depressive disorder. (T at 49-52).

With regard to anxiety, Dr. Moore noted that Plaintiff complained of anxiety symptoms periodically for many years, including while she was working.  (T at 50-51).  This led Dr. Moore to conclude that Plaintiff's anxiety was "basically treatable," although it had, in her view, not been effectively treated by Mr. Haley's medication management. (T at 50-51).

Overall, Dr. Moore opined that, from a mental health perspective, the record supported "some significant issues that would pose functional limitations in a

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

workplace," but she did not believe that Plaintiff's mental health impairments met or equaled one of the Listings. (T at 53).  With respect to activities of daily living, Dr. Moore assessed mild limitations, with a moderate limitation as to driving. (T at 54). She found moderate limitation as to social functioning and mild limitation with respect to concentration, persistence, and pace. (T at 54).

The ALJ afforded significant weight to Dr. Moore's opinion, noting her opportunity to review the longitudinal record and her expertise, both with regard to the Social Security program and in the mental health field. (T at 28).

### 5.    Analysis

Fundamentally, Plaintiff's challenge is to the fact that the ALJ accepted the assessment of Dr. Moore, who did not examine or treat Plaintiff, rather than the opinions offered by Dr. Zimberoff (who examined Plaintiff once) and Mr. Haley (who treated Plaintiff extensively).  For the following reasons, this Court finds that the ALJ's decision is supported by substantial evidence and consistent with applicable law.

Dr. Zimberoff acknowledged that the only record she reviewed was an undated disability report completed by Plaintiff. (T at 339).  Her assessment of Plaintiff's work-related limitations appears based primarily on Plaintiff's self-reports.  In fact, Dr. Zimberoff's actual clinical examination of Plaintiff noted some difficulties, but

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

overall showed a claimant who was "very pleasant and cooperative," with "normal" speech, "good" memory and concentration, and "good" abstract thinking abilities and judgment. (T at 341-43). Thus, it was reasonable for the ALJ to conclude that the extreme limitations assessed by Dr. Zimberoff were based primarily on Plaintiff's self-reports. As discussed below, the ALJ reasonably discounted the credibility of Plaintiff's complaints. An ALJ may discount a physician's opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Moreover, as outlined below, the ALJ acted within his discretion in giving more weight to the opinion of Dr. Moore, who testified at the hearing and was subject to cross-examination, and who (unlike Dr. Zimberoff) reviewed the entire medical record before rendering her assessments.

With regard to Mr. Haley, the ALJ was required only to provide "germane" reasons for discounting the opinions of a nurse practitioner. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ provided such reasons. For example, the ALJ cited treatment notes contradicting Mr. Haley's assessment. In general, Mr. Haley's treatment notes describe side effects of medications he prescribed, but generally indicated improved functioning and relatively stable symptoms when properly managed. (T at 28, 374-75, 411-12, 520, 524, 526). In November of 2010, Mr. Haley noted that Plaintiff would have variable frequency and duration of symptomatic

17

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

episodes, but should be able to work unless her mood/panic disorder became uncontrollable.  (T at 316-17).  The ALJ reasonably cited this inconsistency as a basis for discounting Mr. Haley's opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was appropriate basis for discounting opinion regarding the claimant's limitations).

In addition, Dr. Moore disagreed with several of the diagnoses offered by Mr. Haley and was critical of the nurse practitioner's medication management. (T at 25, 49-52).  In particular, Dr. Moore opined that many of Plaintiff's symptoms were likely side effects of medications that Mr. Haley did not effectively manage.  The ALJ reasonably afforded greater weight to the opinion Dr. Moore, a medical expert who reviewed the entire record, testified at the hearing, and was subject to cross-examination by Plaintiff's counsel. *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995)("[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination.")(citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)); *see also Moody v. Astrue*, No CV-10-161, 2011 U.S. Dist. LEXIS 125165, at *22-23 (E.D. Wash. Oct. 28, 2011)(finding that ALJ did not err in giving greater weight to medical expert's opinion over treating psychiatrist's opinion concerning substance abuse).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

Plaintiff correctly notes that the ALJ erred by failing to discuss the assessments of the non-examining State Agency review consultants.  However, under the particular circumstances present here, that error was harmless.  In the narrative portion of their assessments, Drs. Beaty and Kraft concluded that Plaintiff (1) was capable of non-complex, repetitive tasks at a moderate pace, (2) could sustain work-related social interaction with co-workers and supervisors, with limited to no interaction with the public, and (3) could tolerate simple variations in work-related routines and carry-out work-related goals and plans. (T at 111-12, 126-27).  These narrative findings, which are the critical components of the State Agency consultants' opinions,[3] are consistent with the ALJ's RFC determination, which found Plaintiff mild to moderately limitation with regard to maintaining attention and concentration for extended periods, moderately limited as to working in coordination with or proximity to others and interacting with the general public and responding appropriately to changes in the work setting. (T at 19).

An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the

---

[3]  The Program Operations Manual System (POMS), an internal Social Security Administration document, provides, in pertinent part, that "[i]t is the narrative written by the psychiatrist or psychologist in section III . . . that adjudicators are to use as the assessment of RFC." "The POMS does not have the force of law, but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006)).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination"). For the reasons outlined above, the ALJ's error in failing to discuss the State Agency opinions was harmless.   Indeed, the RFC determination and State Agency opinions are generally consistent with each other.

In sum, Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of the opinions provided by Dr. Zimberoff and Mr. Haley.  However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, for the reasons outlined above, the ALJ's decision was supported by substantial evidence and

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

must therefore be sustained.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

Here, Plaintiff testified as follows: Her problems with OCD started in college. She has had PTSD issues since the age of 19, when she was raped.  Anxiety and panic attacks were problematic even while she was working.  (T at 69).  Her employer attempted to provide workplace accommodations, but it eventually became untenable. (T at 72-73).  During a panic attack, she curls up, feels like she is having a heart attack, and is unable to talk. (T at 75).  She has lived with her domestic partner for 20 years. (T at 75).  She does her shopping late at night to avoid crowds. (T at 75).  She avoids driving. (T at 76).  Other than doctor's appointments and late night shopping, Plaintiff generally does not leave her home. (T at 78).  She needs assistance and encouragement to perform basic activities such as showering. (T at 80).  She cannot cook. (T at 80). She has difficulty relating to other people, particularly when the other person is critical. (T at 81-82).  Plaintiff listed dealing with the public as the "No. 1 reason" she is not able to work. (T at 86).  She has difficulty sleeping. (T at 87).  She does not watch TV or use the computer, but reads science fiction books at night. (T at 88).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limited effects of those symptoms were not entirely credible. (T at 26).

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

The ALJ's decision was supported by substantial evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). Here, the ALJ afforded significant weight to the expert opinion of Dr. Moore, who reviewed the record and concluded that Plaintiff's mental health impairments were less severe than alleged. (T at 26, 28). The ALJ also cited and extensively discussed the treatment history, finding it inconsistent with the claims of disabling impairments. (T at 20-27).

The ALJ also noted inconsistencies in Plaintiff's reported daily activities. Although she testified as to an inability to cook at the hearing (T at 80), in a function report she indicated that she prepared meals from scratch on a regular basis. (T at 253). While she testified as to difficulties with showering (T at 80), her function report indicated no difficulty with personal care. (T at 252). When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Plaintiff offers alternative arguments and interpretations of the evidence. However, where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## C.    Lay Witness Evidence

In February of 2011, Jean Lehman, Plaintiff's domestic partner, completed a third party function report. She reported that Plaintiff's panic attacks were "very disabling" and caused here to "shake, stutter, [and] rock back and forth." (T at 259). She described the attacks as unpredictable and lasting several hours. (T at 260). Ms.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

Lehman indicated that Plaintiff was unable to go out alone, had difficulty with stress, and was often unable to complete tasks. (T at 261, 262, 265).

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

Here, the ALJ discussed Ms. Lehman's report in detail, but discounted it.  The ALJ noted that the report essentially reflected the same allegations made by Plaintiff. (T at 29).  The ALJ found Ms. Lehman's report not fully credible for the same reasons he found Plaintiff's allegations not fully credible.  For the reasons outlined above (i.e. Dr. Moore's assessment, treating history, and the inconsistency regarding Plaintiff's activities of daily living), this Court finds that the ALJ provided "germane" reasons for discounting Ms. Lehman's lay evidence.

**D.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in

substantial numbers in the national economy that the claimant can perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30-31). In particular, relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff retained the RFC to work as a parking lot attendant, pricer/marker, dispatcher, document preparer, and escort vehicle driver. (T at 30). Plaintiff argues that the ALJ's step five analysis was flawed. However, Plaintiff essentially re-states her earlier arguments and contends that the ALJ's errors likewise undermines the step five findings. This Court finds those arguments unpersuasive for the reasons outlined above and likewise rejects Plaintiff's challenge to the step five analysis. *See Hall v. Colvin*, No. CV-13-0043,

2014 U.S. Dist. LEXIS 45006, at *24-25 (E.D. Wash. Mar. 31, 2014)("A claimant fails to establish that a Step 5 determination is flawed by simply restating arguments that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.")(citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No. 14, is DENIED.

The Commissioner's motion for summary judgment, Docket No. 16, is GRANTED.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and close this case.

DATED this 21st day of December, 2015.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DULMAINE v COLVIN 14-CV-00218-VEB